**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| TRACY LATRICE WALKER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 5:17-CV-3 (MTT) |
| ALDI FOOD MARKET Inc., *et al.*, | ) ) ) |
| Defendants. | ) ) |

## ORDER

The Court previously granted the Plaintiff's Motion to Proceed In Forma Pauperis and, pursuant to 28 U.S.C. § 1915(e)(2)(B), ordered the Plaintiff to amend her complaint to state a claim for relief. Doc. 5. The Plaintiff timely filed her Amended Complaint (Doc. 6). Therefore, because the Plaintiff is proceeding pro se, the Court must now review her Amended Complaint and dismiss the complaint if it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In Plaintiff's first Complaint, she states that she is suing under Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e et seq.) based on race discrimination and retaliation but provides no facts to support those allegations. Doc. 1 at 3-4. In her Amended Complaint (Doc. 6), the Plaintiff states she was discriminated against "due to my race" because she was asked to "clean restrooms [and] take trash out as well as scrub floors" more than other employees. *Id.* at 11. Similarly, the Plaintiff states she was subjected to "derogatory statements made to me in regards to Sexual Invitation, as

well as Racial statements." *Id.* at 12. However, beyond these sparse statements, the Plaintiff's Amended Complaint fails to coherently support her allegations that she was subjected to race discrimination. The majority of the amended complaint consists of photocopies of the Aldi Store Employee Handbook, which the plaintiff annotated (Doc. 6 at 3-9); copies of the Plaintiff's employee schedule (*Id.* at 13-16); and a list of dates and incidents at work that, but for the two conclusory allegations discussed above, do not appear to relate to her allegations of discrimination. (*Id.* at 11-12, 17, 20-30).

In light of the fact that the 90 day period following Plaintiff's receipt of her EEOC right to sue letter has now passed, the Court affords the Plaintiff another chance to amend her complaint to coherently state a claim for relief. Her amended Complaint must comply with the Federal Rules of Civil Procedure. For each claim the Plaintiff states, she shall lay out the elements of those claims and state with specificity the facts that satisfy each element. Mere conclusory statements will not suffice. Further, she should state each allegation in separately numbered paragraphs. *See* Fed. R. Civ. P. 10. Only facts supporting her claims of race discrimination or retaliation should be included—discussion of other job-related problems or complaints that do not address her claims of race discrimination or retaliation should be omitted. The Plaintiff is **ordered to file an amended complaint** complying with these requirements within **14 days** of receipt of this Order.

**SO ORDERED**, this 13th day of April, 2017.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT