IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TRACY LATRICE WALKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:17-CV-3 (MTT) |
| | ) |
| ALDI FOOD MARKET INC, *et al.*, | ) |
| | ) |
| Defendants. | ) |

# **ORDER**

Before the Court is Plaintiff Tracy Latrice Walker's Second Amended Complaint (Doc. 8). Previously, the Court granted the Plaintiff's Motion to Proceed In Forma Pauperis and ordered the Plaintiff to amend her complaint to state a claim for relief. Doc. 5. In response, the Plaintiff filed her First Amended Complaint (Doc. 6), which was insufficient as it failed to state a claim for relief. However, in light of the fact that the 90 day period following the Plaintiff's receipt of her EEOC right to sue letter had passed, the Court granted the Plaintiff another chance to correct the deficiencies in her complaint. Doc. 7.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Plaintiff's amended complaint is subject to dismissal if it "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." Dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim is governed by the

same standard as a dismissal pursuant to Rule 12(b)(6).[1]  The Plaintiff alleges she suffered race and sex discrimination at the hands of her employer.  Doc. 8-1 at 1.  Construing her complaint liberally, as required with pro se pleadings, the Plaintiff states a claim for employment discrimination based on race.  *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.").  However, the Plaintiff's allegation of sex discrimination does not state a claim for relief.  The Plaintiff states she "believe[s]" she was fired for "not surrendering favors or responding to unwelcome sexual gestures [and] comments made to [her]."  Doc. 8-1 at 1.  But the Plaintiff provides no facts beyond this statement of her belief that would "permit the court to infer more than the mere possibility of misconduct."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Even construing her amended complaint liberally, the Plaintiff has not shown that she is entitled to relief based on this claim or provided fair notice to the defendant of her claim and the grounds upon which it rests.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Accordingly, the Plaintiff's claims of race discrimination against the Defendants are allowed to proceed.  But her sex discrimination claims against the Defendants are

---

[1] Pro se pleadings are held to a less stringent standard; however, a pro se plaintiff must still state a claim to relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) ("a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"); *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (stating pro se pleadings are held to a less stringent standard).  "[A]ll well pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff."  *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006) (internal quotation marks and citation omitted).  However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"  *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).  "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal."  *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).  The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted).

**DISMISSED**. To the extent Plaintiff attempts to allege any other claims in her amended complaint, those claims are **DISMISSED** so that only her allegation of race discrimination remains.[2]

The Court **ORDERS** service on the Defendants by the United States Marshal Service.

**SO ORDERED**, this 15th day of May, 2017.

        S/ Marc T. Treadwell
        MARC T. TREADWELL, JUDGE
        UNITED STATES DISTRICT COURT

---

[2] The Court notes that dismissal of the Plaintiff's claim is practically with prejudice because the 90 day period after receipt of her right to sue letter from the EEOC, in which the Plaintiff must file her complaint, has passed. But, as stated, the Court has given the Plaintiff multiple opportunities to correct the deficiencies in her complaint and the Plaintiff has failed to do so. Therefore, despite the running of the limitations period, dismissal is warranted.